M R MICHELMAN & ROBINSON, LLP
ATTORNEYS AT LAW

**Sanford L. Michelman**
smichelman@mrllp.com

**Los Angeles Office**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
P 310.299.5500 F 310.299.5600 www.mrllp.com

December 4, 2024

Def't's objection is over-ruled. No prejudice has been shown that likely might result from the small enlargement of time that plaintiff requests. 12/4/24 Alvin K. Hellerstein

**VIA ECF AND FAX**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-7942

***Re: Masimo Corp. v. Kiani, et. al. – Case No. 1:24-cv-08147-AKH***

Dear Judge Hellerstein,

This letter is sent on behalf of the RTW Defendants[1] in response to Plaintiff's December 3, 2024 request (ECF No. 57) for an adjournment of Plaintiff's deadlines to: (i) respond to the RTW Defendants' Motion to Dismiss filed on November 21, 2024 (ECF No. 43) ("Motion to Dismiss"); and (ii) to amend Plaintiff's complaint filed in this matter on October 25, 2024 ("Extension Request").

**Why Are We Here?**

The RTW Defendants are perplexed by the Extension Request, as Plaintiff asked Defendants to agree to a "unified date" to promote efficiencies and the Defendants did so. The solution Defendants provided would have had Plaintiff amend its complaint by the December 12, 2024 deadline, aligning all schedules, and thereby "promoting the efficiencies" Plaintiff claims to seek in the Extension Request. Plaintiff's true goal, however, as evidenced by the unnecessary Extension Request ***is delay*** -- not judicial efficiencies. As such, the Court should reject Plaintiff's attempt to delay this litigation and seek impermissible strategic advantages for three main reasons:

*First*, there is no good cause for Plaintiff's eleventh-hour extension request. The Extension Request filed at 11:46 pm last night provides no excuse for Plaintiff's failure to timely oppose the Motion to Dismiss. Critically, as detailed in the Motion to Dismiss, Plaintiff has been prosecuting another lawsuit in a different jurisdiction involving the very same issues as here since July 2024. *See Masimo Corp. v. Politan Capital Management, LP, et al.*, No. 8:24-cv-01568 (C.D. Cal.) (the "CD Cal Action"). Through that first-filed lawsuit and its prior investigation of the allegations at issue through review of its own corporate records, Plaintiff has already acquired more information than a typical plaintiff would have access to at this early stage. Accordingly, Plaintiff is especially well-positioned to respond to the Motion to Dismiss under the schedule required by Local Rule 6.1(b). Given these facts, it has not—and cannot—"show good cause" for its requested extension, which requires it to "demonstrate diligence before filing" and does not lie where, as here, its filing would "rest[] on

[1] As set forth in the Motion to Dismiss, the term "RTW Defendants" refers to defendants Roderick Wong, Naveen Yalamanchi, RTW Investments, LLP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC.

information that [it] knew, or should have known, in advance of [its] deadline." *Yan v. Renew Body Wellness, Inc.*, 2022 WL 2698562, at *2 (S.D.N.Y. July 12, 2022).

*Second*, Plaintiff unduly delayed in making its Extension Request. Indeed, Plaintiff failed to even raise the notion of an extension until the evening of November 27, 2024—six days after the RTW Defendants filed the Motion to Dismiss on November 21, 2024, four days after co-defendant Joseph Kiani accepted service on November 23, 2024, and just hours before the Thanksgiving holiday. But nothing changed between the filing of the Motion to Dismiss on November 21, 2024, the delayed service on co-defendant Joseph Kiani on November 23, 2024, and Masimo's last-minute requests. Its dilatory tactics evince a strategy to unfairly disadvantage the RTW Defendants because each day that Plaintiff's meritless allegations linger is deeply prejudicial to the RTW Defendants. For this reason, the RTW Defendants promptly filed the Motion to Dismiss within 21 days of Plaintiff's filing the Complaint. Plaintiff should not benefit from any further delay that allows its baseless allegations to linger any longer than necessary.

*Finally*, Plaintiff's pretextual assertion that efficiency favors consolidation and extension has no merit, particularly when: (1) Defendants offered such efficiency and Plaintiff rejected it *sua sponte* to file the Extension Request; and (2) efficiency would have been best served by consolidating Plaintiff's baseless claims in the first-filed CD Cal Action. Moreover, the basis for dismissal against co-defendant Joseph Kiani and the RTW Defendants are, or may be, different, which justifies denying Plaintiff's request for an omnibus opposition brief or amended complaint that provides it more time than is warranted to respond to the pending Motion to Dismiss.

**The Current Deadlines Plaintiff Seeks to Extend**

The parties agree that Plaintiff's opposition, if any, to the Motion to Dismiss is due on December 5, 2024, and any amendment of Plaintiff's complaint is due on December 12, 2024. That, however, is where the parties' agreement ends.

**The Meet and Confer Over Plaintiff's Request for an Extension**

On November 27, 2024, Schulte Roth & Zabel ("SRZ"), as counsel for Plaintiff, sent an email seeking an extension of time for Plaintiff's "omnibus opposition to all defendants' motions to dismiss or to amend its complaint without leave of Court." [Ex. A.] What Plaintiff ***intentionally omitted*** from the Extension Request is the RTW Defendants' response, made by letter dated December 2, 2024. [Ex. B.]

In its December 2, 2024 response, the RTW Defendants made clear they intend to file a ***motion to disqualify*** SRZ. SRZ's irreconcilable conflict of interest in representing Plaintiff and being directly adverse to its RTW Defendant clients in this matter[2] was raised by letter dated November 8,

---

[2] As stated in the December 2, 2024 letter, the RTW Defendants assert, among other things, that: (1) SRZ advised the RTW Defendants, including during the critical time period of May to September 2024, regarding matters that are ***substantially related*** to the Exchange Act filings at issue in the above referenced action; (2) SRZ's Engagement Letter containing an "advance waiver" does not provide the requisite informed consent and does not apply here as all such advance waivers are invalid where a firm represents two materially adverse clients in matters involving the same subject matter; (3) the "ethical wall" that SRZ allegedly implemented ***months after-the-fact*** and only after the RTW Defendants raised these issues is insufficient, particularly as there is no assurance that the screen has adequately prevented disclosure and instead, the facts strongly dictate otherwise; and (4) RTW Defendants could not have, and did not, waive their right to move to disqualify SRZ previously as the RTW Defendants were never parties to the *Politan Cap. Mgmt. LP v. Kiani*, C.A., No. 2024-0755-NAC (Del. Ch.) action, which SRZ voluntarily dismissed on the same day it filed the above-referenced action. [Ex. B].

2014. [Ex. C.] SRZ responded to the November 8, 2024 letter by letter dated November 15, 2024.[3] [Ex. D.] Given the imminent Motion to Disqualify, the RTW Defendants made clear that "any consent to the request in Mr. Adams' November 27, 2024 email seeking a revised briefing schedule for the Motion to Dismiss would have to be expressly conditioned on an understanding and acknowledgement by Plaintiff and SRZ that by engaging in discussions with SRZ and entertaining or entering stipulations relating to the Motion to Dismiss, the RTW Defendants are not in any way waiving their objection to SRZ serving as counsel for Plaintiff and imminent disqualification motion." [Ex. B.] The December 2, 2024 response also stated that in order to be considered, any extension would need to be for Plaintiff to file an opposition to the Motion to Dismiss, and not simply to delay only to later amend the complaint. [Ex. B.] The RTW Defendants then, were "more than willing to discuss a mutually agreeable briefing schedule for the Opposition and Reply to the RTW Defendants' pending Motion to Dismiss". [Ex. B.] This was not enough though, as what Plaintiff really wanted was to delay until it received co-defendant Joseph Kiani's responsive pleading so Plaintiff could merely amend the complaint to try in vain to rectify its failures.

Plaintiff's counsel responded to the RTW Defendants' December 2, 2024 letter by email sent later that same day. [Ex. E.] That response made Plaintiff's true intentions clear; it wanted to delay, obtain a "peek" at co-defendant Joseph Kiani's responsive pleading, and then simply file an amended complaint.

The RTW Defendants responded by email on December 3, 2024. [Ex. F.] The RTW Defendants' response, noting that Plaintiff had made clear it intended to merely amend the complaint and that it had until December 12, 2024 to do so, suggested that Plaintiff contact co-defendant's counsel "and see if they will agree to use that date as Mr. Kiani's trigger date for any response to the amended complaint? To me this seems to solve your issues of having everything 'keyed' off a single date and mitigate delay." [Ex. F.]

What was received in response, also on December 3, 2024, entirely ignored the suggestion and declared that Plaintiff would simply file the Extension Request to obtain the delay Plaintiff wants. [Ex. G.]

The RTW Defendants responded by email, calling out Plaintiff's true goal of delay and asking that Plaintiff provide this court with the full meet and confer if it were to proceed with the Extension Request. [Ex. H.] As noted above, Plaintiff intentionally did not do so, omitting the critical initial letter response of the RTW Defendants dated December 2, 2024 [Ex. B] from the exhibits provided to the Court, and failing entirely to mention it.

Finally, on December 3, 2024, counsel for co-defendant Joseph Kiani responded to Plaintiff, advising that "we agree on behalf of Mr. Kiani that Masimo's deadline to amend without leave of court is December 12. Mr. Kiani will agree to treat any amended complaint filed on or before that

---

[3] The RTW Defendants take great exception to the contents of SRZ's November 15, 2024 letter, which only serves to escalate the frustration with Plaintiff and SRZ's sharp practices relating to this matter. For example, the November 15, 2024 letter short changes the extent to which SRZ engaged with the RTW Defendants on Section 13 and 16 of the Exchange Act topics allegedly at issue in this matter, "which puts into question its obligations to be forthright with its own clients." *See e.g., First NBC Bank v. Murex*, 259 F.Supp.3d 38, 56 (S.D.N.Y. 2017); *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132-133 (2d Cir. 2005); *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386-1387 (2d Cir. 1976)." [Ex. B.] The attorney-client privilege is the foundation of a client's reliance on being able to speak freely and without concern to its counsel, thereby preserving the integrity of the adversary process. *See e.g., Murex*, 259 F.Supp.3d at 56; *Hempstead Video, Inc.*, 409 F.3d at 132; *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). SRZ has affirmative ethical obligations to avoid conflicts and take steps to avoid eroding public confidence in the attorney-client relationship. *See e.g., Miroglio, s.p.a. v. Morgan Fabrics Corp.*, 340 F.Supp.2d 510, 512 (S.D.N.Y. 2004); *Nyquist*, 590 F.2d at 1246. [Ex. B.]

date as served on him as of the date it's filed, provided that it is emailed to us concurrently with the filing. This will of course mean that the amended complaint would be subject to a single motion to dismiss deadline." [Ex. I.]

The parties thus arrived at a solution to Plaintiff's alleged concern over "seriatim filings." Plaintiff's rejection of that solution in favor of filing the Extension Request and seeking an additional 25 days to amend its complaint (from the December 12, 2024 deadline to a proposed date of January 6, 2025) reveals its true intent – more gamesmanship and delay.

**The Court Has Discretion to Deny the Extension Request**

Plaintiff's Extension Request is unwarranted and has but one goal -- delay. That is not a good faith basis for seeking an extension of time under Your Honor's Rule 1.D., particularly where, as here, any "proposed amendment rests on facts known to Plaintiff in advance of the deadline…he has not demonstrated good cause." *Yan v. Renew Body Wellness, Inc.*, 2022 WL 2698562, at *3 (S.D.N.Y. July 12, 2022) (denying leave to amend to add corporate defendants where plaintiff knew the identities of those defendants before filing his complaint). Here, Plaintiff has had access to the files and information necessary to bring its alleged claims for months and should not be allowed an extension to merely delay before filing an amended complaint.

Your Honor has previously rejected such hollow extension requests, in whole or in part. For example, in *Everest Foods, Inc. v. Cuomo*, No. 21-CV-06316, Your Honor denied an extension request in its entirety. [Ex. J]. In *Everest Foods*, the parties jointly sought an extension of about 1 month and a consolidated briefing schedule for a filed motion to dismiss and an anticipated answer or motion to dismiss another defendant. The parties told Your Honor that "[t]he requested extension is necessary to allow the parties to fully address the various constitutional issues raised in Plaintiffs' complaint, and it also avoids interference with the upcoming holidays. Additionally, the requested extension would allow further briefing to proceed on a single, consolidated schedule—and is thus likely to conserve the Court's resources." Despite the joint request, the upcoming holidays, and the idea that consolidating the motions to dismiss would conserve resources, Your Honor denied the requested extensions in full, holding the plaintiff to respond to the filed motion to dismiss as required by the rules. The same result is warranted here. *See also, e.g., Bohnak v. Marsh & McLennan Companies*, No. 21-cv-06096 (Your Honor denying an application by plaintiffs for a 28-day extension of the deadline to respond to the defendant's motion to dismiss in a class action relating to a data breach, even though defendants consented, but slightly enlarging the dates for filing opposition and reply papers). [Ex. K.]

**Conclusion**

In light of the foregoing, the RTW Defendants respectfully request that Your Honor deny the Extension Request in its entirety.

Very truly yours,

**MICHELMAN & ROBINSON, LLP**

Sanford L. Michelman

With Exhibits
cc: All Counsel of Record