SANFORD L. MICHELMAN, ESQ. (SBN 179702)
smichelman@mrllp.com
MONA Z. HANNA, ESQ. (SBN 131439)
mhanna@mrllp.com
WARREN A. KOSHOFER, ESQ. (SBN 213350)
wkoshofer@mrllp.com
MOLLY F. WOLFE, ESQ. (admitted *pro hac vice*)
mwolfe@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Defendants,
RODERICK WONG, NAVEEN YALAMANCHI, RTW INVESTMENTS, LP, RTW INVESTMENTS GP, LLC, RTW MASTER FUND, LTD., RTW OFFSHORE FUND ONE, LTD., RTW ONSHORE FUND ONE, LP, RTW INNOVATION MASTER FUND, LTD., RTW INNOVATION OFFSHORE FUND, LTD., RTW INNOVATION ONSHORE FUND, LP, AND RTW FUND GROUP GP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

MASIMO CORPORATION,

Plaintiff,

vs.

JOE E. KIANI, RODERICK WONG, NAVEEN YALAMANCHI, RTW INVESTMENTS, LP, RTW INVESTMENTS GP, LLC, RTW MASTER FUND, LTD., RTW OFFSHORE FUND ONE, LTD., RTW ONSHORE FUND ONE, LP, RTW INNOVATION MASTER FUND, LTD., RTW INNOVATION OFFSHORE FUND, LTD., RTW INNOVATION ONSHORE FUND, LP, and RTW FUND GROUP GP, LLC,

Defendants.

Case No.: 2:25-cv-03188-JVS-JDE
Hon. James V. Selna

**DECLARATION OF MOLLY F. WOLFE REGARDING LOCAL RULE 7-3 MEET AND CONFER WITH PLAINTIFFS' COUNSEL**

Hearing Date: August 11, 2025
Time: 1:30 p.m.
Courtroom: 10C

**DECLARATION OF MOLLY F. WOLFE**

Pursuant to 28 U.S.C. § 1746 and Local Civil Rule 7-3, I, Molly F. Wolfe, declare under penalty of perjury that the following is true and correct:

1. I am an attorney duly admitted to practice in the State of New York and admitted *pro hac vice* in the United States District Court for the Central District of California in the above-captioned action (the "Action").

2. I am an associate at Michelman & Robinson LLP ("M|R"), counsel for Defendants RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC (collectively, the "RTW Clients"), Roderick Wong ("Dr. Wong"), and Naveen Yalamanchi ("Dr. Yalamanchi") (together with Dr. Wong and the RTW Clients, the "RTW Defendants") in this Action.

3. I offer this Declaration pursuant to Local Civil Rule 7-3 in connection with the RTW Defendants' Motion to Disqualify attorney Michael E. Swartz and the law firm Quinn Emanual Urquhart & Sullivan LLP ("Quinn") from representing Plaintiff Masimo Corporation ("Plaintiff" or "Masimo") in the Action (ECF 187, the "Swartz/Quinn Disqualification Motion").

4. On July 17, 2025, counsel for Plaintiff and counsel for the RTW Defendants met and conferred via video conference regarding the Swartz/Quinn Disqualification Motion. The parties discussed the merits of the motion and eventually determined that they are at an impasse on the matter of Mr. Swartz and Quinn's representation of Plaintiff in this Action.

5. The RTW Defendants maintain that Mr. Swartz is subject to disqualification by virtue of Schulte Roth & Zabel LLP's ("Schulte") conflicted representation of both the RTW Clients and Plaintiff. At the time the conflict arose in October 2024, Mr. Swartz was

the lead litigator of Plaintiff's Schulte team, while Schulte simultaneously was providing regulatory counsel to the RTW Clients on matters directly relevant to this Action. Moreover, record evidence indicates that Mr. Swartz was not effectively walled off from the RTW Clients' regulatory counsel and that he has been exposed to the RTW Clients' material confidential information in the course of litigating the disqualification issue. Since California law assesses disqualification as of the time the conflict arose, Mr. Swartz's move to Quinn in March 2025 has no impact on Mr. Swartz's disqualification. However, because Mr. Swartz continues to represent Plaintiff at Quinn rather than transferring the matter to a colleague and erecting an ethical wall, his conflict must be imputed to all of Quinn. The RTW Defendants will not withdraw the Swartz/Quinn Disqualification Motion absent Mr. Swartz and Quinn's complete withdrawal from representing Plaintiff in this Action.

6. Plaintiff maintains that the RTW Defendants have no basis to seek Mr. Swartz or Quinn's disqualification because Mr. Swartz was allegedly never exposed to the RTW Clients' material confidential information. The RTW Defendants fundamentally disagree with this premise. In any event, Mr. Swartz and Quinn will not withdraw from their representation of Plaintiff in this Action.

7. Following the parties' conversation regarding their respective positions, counsel mutually agreed to seek a continuance of the hearing date for the Swartz/Quinn Disqualification Motion and an extension of the briefing schedule to accommodate Plaintiff's counsel's request for same.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was signed this 18th day of July, 2025 in New York, New York.

M. F. Wolfe

Molly F. Wolfe