SANFORD L. MICHELMAN, ESQ. (SBN 179702)
smichelman@mrllp.com
MONA Z. HANNA, ESQ. (SBN 131439)
mhanna@mrllp.com
WARREN A. KOSHOFER, ESQ. (SBN 213350)
wkoshofer@mrllp.com
MOLLY F. WOLFE, ESQ. (*admitted pro hac vice*)
mwolfe@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Defendants,
RODERICK WONG, NAVEEN YALAMANCHI, RTW INVESTMENTS, LP, RTW INVESTMENTS GP, LLC, RTW MASTER FUND, LTD., RTW OFFSHORE FUND ONE, LTD., RTW ONSHORE FUND ONE, LP, RTW INNOVATION MASTER FUND, LTD., RTW INNOVATION OFFSHORE FUND, LTD., RTW INNOVATION ONSHORE FUND, LP, AND RTW FUND GROUP GP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOE E. KIANI, RODERICK WONG, NAVEEN YALAMANCHI, RTW INVESTMENTS, LP, RTW INVESTMENTS GP, LLC, RTW MASTER FUND, LTD., RTW OFFSHORE FUND ONE, LTD., RTW ONSHORE FUND ONE, LP, RTW INNOVATION MASTER FUND, LTD., RTW INNOVATION OFFSHORE FUND, LTD., RTW INNOVATION ONSHORE FUND, LP, and RTW FUND GROUP GP, LLC,<br><br>Defendants.<br>` | Case No.: 2:25-cv-03188-JVS-JDE<br>Hon. James V. Selna<br><br>**RTW DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Complaint filed: December 30, 2024 |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

Defendants RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC (collectively, the "RTW Entities"), Roderick Wong ("Dr. Wong"), and Naveen Yalamanchi ("Dr. Yalamanchi") (together with the RTW Entities, the "Defendants") by and through their counsel of record, hereby answer Plaintiff Masimo Corporation's ("Plaintiff" or "Masimo") Amended Complaint (ECF 100) as follows:

## NATURE OF THE ACTION

1. In response to Paragraph 1 of the Amended Complaint these answering Defendants, individually and jointly, deny generally and specifically each and every allegation contained therein.

2. In response to Paragraph 2 of the Amended Complaint these answering Defendants, individually and jointly, deny generally and specifically each and every allegation contained therein.

3. In response to Paragraph 3 of the Amended Complaint these answering Defendants, individually and jointly, deny generally and specifically each and every allegation contained therein.

4. In response to Paragraph 4 of the Amended Complaint these answering Defendants, individually and jointly, deny generally and specifically each and every allegation contained therein.

5. In response to Paragraph 5 of the Amended Complaint these answering Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and therefore deny them on that basis.

6. In response to Paragraph 6 of the Amended Complaint these answering Defendants, individually and jointly, lack information sufficient to admit the allegations

contained therein and therefore deny them on that basis. Paragraph 6 also contains legal arguments and/or conclusions such that no response is required from Defendants.

7. In response to Paragraph 7 of the Amended Complaint these answering Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and therefore deny them on that basis.

8. In response to Paragraph 8 of the Amended Complaint these answering Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and therefore deny them on that basis.

9. In response to Paragraph 9 of the Amended Complaint these answering Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and therefore deny them on that basis.

10. Paragraph 10 contains legal arguments and/or conclusions, to which no response is required from Defendants. To the extent a response is required, Defendants individually and jointly, lack information sufficient to admit the allegations contained in Paragraph 10 and therefore deny them on that basis.

11. Paragraph 11 contains legal arguments and/or conclusions to which no response is required from Defendants. To the extent a response is required, Defendants individually and jointly, lack information sufficient to admit the allegations contained in Paragraph 11 and therefore deny them on that basis.

12. Paragraph 12 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12.

13. Paragraph 13 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14. Paragraph 14 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14.

15. Paragraph 15 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15.

16. Paragraph 16 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16.

## THE PARTIES

17. In response to Paragraph 17 of the Amended Complaint these answering Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief.

18. Defendant Joe E. Kiani was dismissed from this Action, therefore, this Paragraph no longer needs an answer. To the extent it does, in response to Paragraph 18 of the Amended Complaint these answering Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief.

19. Defendants admit the allegations in Paragraph 19 that "Defendant Roderick Wong is the founder and principal owner of Defendant RTW Investments, LP. Dr. Wong serves as the Managing Partner and Chief Investment Officer of Defendant RTW Investments, LP." To the extent Paragraph 19 purports to describe and/or characterize the contents of "RTW Investments, LP's website," Defendants deny such allegations and refer to the referenced website for a true and accurate statement of

its contents. Defendants lack sufficient information at this time to admit or deny the remainder of the allegations in Paragraph 19, and, therefore, deny.

20. Defendants admit the allegations in Paragraph 20 that "Defendant Naveen Yalamanchi is a Partner and Portfolio Manager at Defendant RTW Investments, LP." To the extent Paragraph 20 purports to describe and/or characterize the contents of "RTW Investments, LP's website," Defendants deny such allegations and refer to the referenced website for a true and accurate statement of its contents. Defendants lack sufficient information at this time to admit or deny the remainder of the allegations in Paragraph 20, and, therefore, deny.

21. Defendants admit the allegations in Paragraph 21 that "Defendant RTW Investments, LP, is a Delaware limited partnership founded in 2009 with its headquarters and principal place of business at 40 10th Avenue, Floor 7, New York, New York 10014." To the extent Paragraph 21 purports to describe and/or characterize the November 14, 2024 Form 13F, Defendants refer to such document for a true and accurate statement of its contents and deny the allegations in Paragraph 21 to the extent they are inconsistent with the same.

22. Defendants admit the allegations in Paragraph 22 that "RTW Investments GP, LLC is a Delaware limited liability company formed in 2016 and is the general partner of Defendant RTW Investments, LP." and that "[i]ts registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808." Defendants deny the remainder of the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23 that "Defendant RTW Master Fund, Ltd. is a Cayman Islands private fund" and that its address is "C/O Walkers Corporate Limited, 190 Elgin Avenue, George Town, Grand Cayman, E9 KY1-9008." Defendants deny the remainder of the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24 that "Defendant RTW Offshore Fund One, Ltd. is a Cayman Islands private fund advised by Defendant RTW

Investments, LP." Defendants deny the remainder of the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25 that "Defendant RTW Onshore Fund One, LP is a Delaware limited partnership founded in 2009. . . Defendant RTW Onshore Fund One, LP is a private fund advised by Defendant RTW Investments, LP." and, that its "registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808." Defendants deny the remainder of the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26 that "Defendant RTW Innovation Master Fund, Ltd. is a Cayman Islands private fund advised by Defendant RTW Investments, LP." and, that its address is "C/O Walkers Corporate Limited, 190 Elgin Avenue, George Town, Grand Cayman, E9 KY1-9008." Defendants deny the remainder of the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27 that "Defendant RTW Offshore Fund One, Ltd. is a Cayman Islands private fund advised by Defendant RTW Investments, LP." Defendants deny the remainder of the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28 that "RTW Innovation Onshore Fund, LP is a Delaware limited partnership founded in 2015 . . . advised by Defendant RTW Investments, LP." and, that its "registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808." Defendants deny the remainder of the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29 that "RTW Fund Group GP, LLC is a Delaware limited liability company formed in 2009 and is the general partner of Defendants RTW Onshore Fund One, LP and RTW Innovation Onshore Fund, LP." and, that its "registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808." Defendants deny the remainder of the allegations in Paragraph 29.

## FACTUAL BACKGROUND

30. In response to Paragraph 30 of the Amended Complaint the Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief. Further, Paragraph 30 contains legal arguments and/or conclusions to which no response is required from Defendants.

31. Paragraph 31 contains legal arguments and/or conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31.

32. In response to Paragraph 32 of the Amended Complaint the Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief. Further, Paragraph 32 contains only legal arguments and/or conclusions such that no response is required from Defendants.

33. In response to Paragraph 33 of the Amended Complaint the Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief.

34. In response to Paragraph 34 of the Amended Complaint, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief.

35. To the extent Paragraph 35 purports to describe and/or characterize the website https://www.rtwfunds.com/our-companies/, Defendants refer to the website for a true and accurate statement of its contents and deny the allegations in Paragraph 21 to the extent they are inconsistent with the same.

36. In response to Paragraph 36 of the Amended Complaint the Defendants, individually and jointly, deny all general and individual allegations in Paragraph 36. To

the extent footnote 4 to Paragraph 36 purports to describe and/or characterize the flight manifest for Masimo's corporate jet for 2023 and 2024, Defendants refer to such documents for a true and accurate statement of their contents, and deny all allegations inconsistent with the same.

37. In response to Paragraph 37 of the Amended Complaint the Defendants, individually and jointly, deny all general and individual allegations in Paragraph 37.

38. Paragraph 38 of the Amended Complaint contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39. To the extent Paragraph 39 purports to describe and/or characterize the November 14, 2024 Form 13F, Defendants refer to such document for a true and accurate statement of its contents and deny the allegations in Paragraph 39 to the extent they are inconsistent with the same. Furthermore, to the extent that Paragraph 39 consists of improper legal arguments and/or conclusion, no response is necessary. Furthermore, all remaining allegations in Paragraph 39 to the Amended Complaint are denied.

40. In response to Paragraph 40 of the Amended Complaint the Defendants, individually and jointly, admit that corporations use a "record date" to determine shareholders' voting power at the annual meeting, but lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

41. In response to Paragraph 41 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis.

42. In response to Paragraph 42 of the Amended Complaint the Defendants, individually and jointly, lack information or belief sufficient to admit the allegations contained therein which are, therefore, denied on the basis of the lack of such information and belief.

43. In response to Paragraph 43 of the Amended Complaint the Defendants, individually and jointly, admit that Mr. Kiani sent Dr. Yalamanchi an email on March 31, 2024. To the extent Paragraph 43 purports to describe and/or characterize that email, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 43 that are inconsistent with the same.

44. To the extent Paragraph 44 of the Amended Complaint purports to describe and/or characterize Dr. Yalamanchi's response to Mr. Kiani's March 31, 2024 email, the Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 44 that are inconsistent with the same.

45. Paragraph 45 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46. Paragraph 46 contains legal arguments and/or conclusions to which no response is required from Defendants. To the extent a response is required, the Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

47. Paragraph 47 contains legal arguments, speculation, opinions, and/or conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48. In response to Paragraph 48 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis. To the extent Paragraph 48 purports to describe and/or characterize any documents reflecting alleged communications between or among Defendants and Mr. Kiani, Defendants refer to such documents for a complete and accurate statement of their contents and deny all allegations in Paragraph 48 that are inconsistent with the same.

49. Paragraph 49 contains legal arguments/conclusions to which no response

is required from Defendants. The Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

50. Paragraph 50 contains legal arguments/conclusions to which no response is required from Defendants. The Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

51. In response to Paragraph 51 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis.

52. Paragraph 52 contains legal arguments, speculation, opinions, and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

53. Paragraph 53 contains legal arguments, speculation, opinions, and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis.

54. Paragraph 54 contains legal arguments, speculation, opinions and/or conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 54.

55. In response to Paragraph 55 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis.

56. Paragraph 56 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations

contained therein and deny them on that basis.

57. Paragraph 57 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

58. In response to Paragraph 58 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis. To the extent Paragraph 58 purports to describe and/or characterize the contents of "non-public reports," Defendants refer to such documents for a complete and accurate statement of their contents and deny all allegations in Paragraph 58 that are inconsistent with the same.

59. Paragraph 59 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, admit that Mr. Kiani texted Dr. Yalamanchi on June 27, 2024. To the extent Paragraph 59 purports to describe and/or characterize the contents of that communication, Defendants refer to the communication itself for a complete and accurate statement of its contents and deny all allegations in Paragraph 59 that are inconsistent with the same.

60. Paragraph 60 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. To the extent Paragraph 60 purports to describe and/or characterize the contents of the June 27, 2024 communication, Defendants refer to the communication itself for a complete and accurate statement of its contents and deny all allegations in Paragraph 60 that are inconsistent with the same. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

61. Paragraph 61 contains legal arguments, speculations, opinions and/or

conclusions to which no response is required from Defendants. To the extent Paragraph 61 purports to describe and/or characterize the contents of the June 27, 2024 communication, Defendants refer to the communication itself for a complete and accurate statement of its contents and deny all allegations in Paragraph 61 that are inconsistent with the same. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

62. Paragraph 62 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. To the extent Paragraph 62 purports to describe and/or characterize the contents of the June 27, 2024 communication, Defendants refer to the communication itself for a complete and accurate statement of its contents and deny all allegations in Paragraph 62 that are inconsistent with the same. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

63. In response to Paragraph 63 of the Amended Complaint the Defendants, individually and jointly, refer to the June 27, 2024 communication itself for a complete and accurate statement of its contents and deny all allegations in Paragraph 63 that are inconsistent with the same.

64. Paragraph 64 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

65. In response to Paragraph 65 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them. To the extent Paragraph 65 purports to describe and/or characterize "RTW's" Form 13F filing, Defendants refer to the document for a

complete and accurate statement of its contents and deny all allegations in Paragraph 65 that are inconsistent with the same.

66. In response to Paragraph 66 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and deny them on that basis.

67. In response to Paragraph 67 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

68. Paragraph 68 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 68 purports to describe and/or characterize the Depository Trust and Clearing Company reports of voting by several financial institutions, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 68 that are inconsistent with the same.

69. In response to Paragraph 69 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

70. In response to Paragraph 70 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

71. In response to Paragraph 71 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

72. In response to Paragraph 72 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained

therein and on that basis deny them.

73. In response to Paragraph 73 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

74. In response to Paragraph 74 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

75. In response to Paragraph 75 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them. To the extent Paragraph 75 purports to describe and/or characterize Masimo Corporation, Definitive Proxy Statement, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 75 that are inconsistent with the same.

76. Paragraph 76 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

77. In response to Paragraph 77 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

78. In response to Paragraph 78 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

79. In response to Paragraph 79 of the Amended Complaint the Defendants, individually and jointly, deny all general and individual allegations contained therein.

80. In response to Paragraph 80 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained

therein and on that basis deny them.

81. In response to Paragraph 81 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

82. In response to Paragraph 82 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

83. In response to Paragraph 83 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

84. In response to Paragraph 84 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

85. In response to Paragraph 85 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

86. In response to Paragraph 86 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them. To the extent Paragraph 86 purports to describe and/or characterize the DTCC reports, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 86 that are inconsistent with the same.

87. In response to Paragraph 87 of the Amended Complaint the Defendants, individually and jointly, lack information sufficient to admit the allegations contained therein and on that basis deny them.

88. Paragraph 88 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually

and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

89. In response to Paragraph 89 of the Amended Complaint the Defendants, individually and jointly, deny the allegations.

90. Paragraph 90 contains legal arguments, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 90 purports to describe and/or characterize "RTW's" Form 13F filing, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 90 that are inconsistent with the same.

91. Paragraph 91 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 91 purports to describe the August 9, 2024 email, Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 91 that are inconsistent with the same.

92. Paragraph 92 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 92 purports to describe the September 7, 2024 email(s), Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 92 that are inconsistent with the same.

93. Paragraph 93 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny

them on that basis.

94. Paragraph 94 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

95. Paragraph 95 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

96. Paragraph 96 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

97. Paragraph 97 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

98. Paragraph 98 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 98 purports to describe the "RTW Demand", Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 98 that are inconsistent with the same.

99. Paragraph 98 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis. To the extent Paragraph 99 purports to describe the "RTW Demand",

Defendants refer to the document for a complete and accurate statement of its contents and deny all allegations in Paragraph 99 that are inconsistent with the same.

100. Paragraph 100 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

101. Paragraph 101 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

102. Paragraph 102 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

103. Paragraph 103 contains speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

104. Paragraph 104 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

105. Paragraph 105 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

106. Paragraph 106 contains legal conclusions, speculations, opinions and/or

conclusions to which no response is required from Defendants.

107. Paragraph 107 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

108. Paragraph 108 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

109. Paragraph 109 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

110. Paragraph 110 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

111. Paragraph 111 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

## FIRST CAUSE OF ACTION

112. The allegation in Paragraph 112 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

113. The allegation in Paragraph 113 related to Section 13(d)does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

114. The allegation in Paragraph 114 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

115. The allegation in Paragraph 115 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

116. The allegation in Paragraph 116 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

117. The allegation in Paragraph 117 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

118. The allegation in Paragraph 118 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

119. The allegation in Paragraph 119 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and

specific allegation in the Paragraph.

120. The allegation in Paragraph 120 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

121. The allegation in Paragraph 121 related to Section 13(d) does not require an answer since the First Cause of Action has been dismissed by Defendants. In the event that such allegation still requires an answer, Defendants deny every general and specific allegation in the Paragraph.

## SECOND CAUSE OF ACTION

122. Paragraph 122 contains only legal arguments and/or conclusions such that no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 122. Furthermore, in response to Paragraph 122, Defendants incorporate their responses to Paragraphs 1 through 121 as though fully set forth herein.

123. Paragraph 124 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

124. Paragraph 124 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

125. Paragraph 125 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained

therein and deny them on that basis.

126. Paragraph 126 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

127. Paragraph 127 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

128. Paragraph 128 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, lack information sufficient to admit the remaining allegations contained therein and deny them on that basis.

129. Paragraph 129 contains legal conclusions, speculations, opinions and/or conclusions to which no response is required from Defendants. Defendants, individually and jointly, deny the allegation.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief Plaintiff requests as set forth within the prayer for relief on page thirty-six of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following separate and independent affirmative defenses to the Amended Complaint without admitting that Defendants would bear the burden of proof on any of the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported cause of action thereof, Defendants allege that each cause of

action set forth therein fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Kern County "Unorthodox Transaction Defense")**

Section 16(b) does not reach transactions that lack the potential for speculative abuse and fall within the Supreme Court's "unorthodox transactions" doctrine. See *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 594–600 (1973). To the extent Plaintiff's theory turns on record-date-driven, hedged positioning it labels "empty voting," those steps—particularly when fully hedged and lacking economic upside—do not present the type of insider speculative abuse § 16(b) targets and therefore are outside the statute's ambit.

**THIRD AFFIRMATIVE DEFENSE**

**(Act of Third Party, Not Defendants)**

As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported cause of action thereof, Defendants allege that any damage which Plaintiff may have suffered was the result of acts or activities of third parties, and thus, Plaintiff is barred from each and every form of relief sought in the Amended Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported case of action thereof, Defendants allege that Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Securities and Exchange Act Section 13)**

As a separate and affirmative defense to the Amended Complaint, on file herein, and to each purported cause of action thereof, Defendants allege that no RTW

Defendants, together, or separately were part of any group under Securities and Exchange Act Section 13.

**SIXTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

As a separate and affirmative defense to the Amended Complaint on file herein, Defendants allege that Plaintiff's claims are barred by the doctrine of laches.

**SEVENTHAFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported cause of action thereof, Defendants allege that Plaintiff has failed to mitigate his alleged damages.

**EIGHT AFFIRMATIVE DEFENSE**

**(Attorneys' Fees and Costs)**

Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported cause of action thereof, these answering Defendants allege that Plaintiff has failed to satisfy the procedural and jurisdictional prerequisites, and/or failed to exhaust administrative remedies, necessary to maintain his purported causes of action.

**TENTH AFFIRMATIVE DEFENSE**

**(No 10% Ownership at Time of Both Purchase and Sale (Section 16(b))**

Defendants were not, either individually or in the aggregate, 10% beneficial owners *at the time of both* the relevant purchases and sales, and any alleged "group"

theory fails as a matter of law and fact.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Personal Jurisdiction (Rule 12(b)(2))**

The Court lacks personal jurisdiction over certain foreign and/or nonresident Defendants, including Cayman entities.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No "Pecuniary Interest" in Alleged Trades by Certain Defendants)**

Plaintiff's conclusory assertion that Dr. Wong, Dr. Yalamanchi, and certain GP entities had a pecuniary interest in RTW client/fund trades is unsupported. To the extent any person lacked the requisite direct or indirect pecuniary interest (e.g., only asset-based fees; no voting/investment control), that person cannot be liable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Allege a Matchable "Purchase" and "Sale"**
**by the Same Beneficial Owner)**

Section 16(b) requires that the same statutory insider be both the purchaser and the seller within six months. Plaintiff's pleading aggregates transactions across distinct legal entities/clients, which is improper absent proof the same beneficial owner (as defined by Rule 16a-1) engaged in both sides of the matched pair.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Unclean Hands)**

As a separate and affirmative defense to the Complaint on file herein, and to each purported cause of action thereof, Defendants allege that Plaintiff's Amended Complaint and all purported causes of action therein are barred by the doctrine of unclean hands.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants hereby give notice that Defendants intend to rely upon any additional affirmative defenses that become available or apparent during this case, and thus, reserve the right to amend their answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request the following:

1. That Plaintiff's Amended Complaint be dismissed in its entirety with prejudice;
2. That Plaintiff take nothing by way of its Amended Complaint and that judgment be entered in favor of Defendants; and

For such other and further relief that the Court deems just and proper.

Dated: September 3, 2025

Respectfully submitted,

By: */s/ Warren A. Koshofer*
Sanford L. Michelman
Mona Z. Hanna
Warren A. Koshofer
Molly F. Wolfe (*admitted pro hac vice*)

*Attorneys for Defendants Roderick Wong, Naveen Yalamanchi, RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC*