QUINN EMANUEL URQUHART & SULLIVAN, LLP
Joseph C. Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Michael E. Swartz *(pro hac vice)*
michaelswartz@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Plaintiff Masimo Corporation*

MICHELMAN & ROBINSON, LLP
Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASIMO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOE E. KIANI, RODERICK WONG, NAVEEN YALAMANCHI, RTW INVESTMENTS, LP, RTW INVESTMENTS GP, LLC, RTW MASTER FUND, LTD., RTW OFFSHORE FUND ONE, LTD., RTW ONSHORE FUND ONE, LP, RTW INNOVATION MASTER FUND, LTD., RTW INNOVATION OFFSHORE FUND, LTD., RTW INNOVATION ONSHORE FUND, LP, and RTW FUND GROUP GP, LLC,<br><br>Defendants. | Case No. 2:25-cv-03188-JVS-JDE<br>Hon. James V. Selna<br><br>**JOINT RULE 26(F) REPORT**<br><br>Rule 26(f) Scheduling Conference:<br>Date: November 3, 2025<br>Time; 10:30 AM<br>Courtroom 10C |

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's Order Setting Rule 26(f) Scheduling Conference (Dkt. 212), Plaintiff Masimo Corporation ("Plaintiff" or "Masimo") and Defendants RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, RTW Fund Group GP, LLC, Roderick Wong, and Naveen Yalamanchi (collectively, "Defendants," and together with Plaintiff, the "Parties") submit this Rule 26(f) Report.

Counsel for the Parties met and conferred on October 6, 2025 to discuss the topics enumerated in Rule 26(f) of the Federal Rules of Civil Procedure and the Court's September 5, 2025 Order. Participating in the conference were Michael E. Swartz, Joseph Sarles, Robert M. Garsson, and Sydney L. Martin of Quinn Emanuel Urquhart & Sullivan, LLP for Plaintiff, and Mona Z. Hanna and Molly F. Wolfe of Michelman & Robinson, LLP, for Defendants.

**A. Synopsis**

Plaintiff's Amended Complaint (Dkt. 100) alleges that Defendants formed a shareholder group with Joe E. Kiani, Plaintiff's former Chief Executive Officer and Chairman, for the purpose of acquiring, holding, voting, or disposing of Plaintiff's securities under Section 13(d) of the Exchange Act ("Section 13(d)") in an effort to re-elect Kiani to office. Specifically, Plaintiff alleges that, in advance of the contested director election at Masimo's 2024 annual shareholder meeting (the "Annual Meeting"), Kiani and Defendants colluded in an empty voting scheme through which Defendants more than tripled their holdings in Masimo (from 2.8% to 9.9%) without taking on any additional economic exposure, which they accomplished by purchasing shares of Masimo and simultaneously engaging in corresponding short sales to offset their positions. Plaintiff contends that Defendants voted those shares in favor of Kiani and, after doing so, unwound their positions. The Amended Complaint alleges that Defendants engaged in the same empty voting scheme twice.

Based on the foregoing conduct, Plaintiff alleges that Defendants formed an undisclosed group under Section 13(d) with Mr. Kiani which collectively owned approximately 19% of Plaintiff's equity securities, and were subject to Section 16(b) by virtue of the group beneficially owning 10% or more of Plaintiff's equity securities. Therefore, Defendants are required to disgorge to Plaintiff any profits derived from their trading within a six month period.

Defendants' positions set forth below are improperly argumentative and inconsistent with the spirit of the Court's requirements for a synopsis of the action. While Plaintiff will not respond to every issue with which it disagrees, Defendants have no basis to argue that this suit is about creating "leverage" against Kiani because, among other reasons, Plaintiff voluntarily dismissed its sole claim against Kiani, Dkt. 194, and any liability will therefore be borne by Defendants only.[1]

Defendants contend that this action is an improper attempt to create leverage against Kiani so that Plaintiff can avoid a potential $450 million severance payment to Kiani—a consequence of Kiani's removal as Chair of Plaintiff's Board of Directors following the 2024 Shareholder Vote—through litigation gamesmanship. Defendants contend that Plaintiff's own Board twice investigated and debunked allegations made by Politan Capital Management ("Politan"), Plaintiff's controlling shareholder,[2] in July 2024 that Kiani and Defendants worked together to manipulate the vote, and that the Amended Complaint simply repackages those claims. Defendants' position is that Plaintiff has neither identified any facts indicating that its own Board's prior investigations were deficient, nor made any corrective filings with the Securities and

---

[1] Plaintiff contends that the purported "investigation" concerning Mr. Kiani's role in empty voting was the product of a Kiani-controlled Board and later disavowed by the Company.

[2] Plaintiff disputes that Politan is Masimo's controlling shareholder and notes that, as of March 3, 2025 Politan beneficially owned approximately 8.8% of Masimo's outstanding common stock, and therefore is not a "controlling" shareholder of Masimo.

Exchange Commission, nor has Plaintiff identified any evidence supporting its allegations that Kiani and Defendants formed a Section 13(d) "group."

Defendants maintain that the practice of purchasing stock while taking short positions to protect against risk is a common and prudent strategy, and a shareholder's voting power is not required to match its economic exposure. Defendants contend they voted to protect their own legitimate business interests, e.g., avoiding Kiani's "poison pill" severance payment, preserving a licensing agreement that accounted for 20% of Plaintiff's annual revenue, and spinning-off Plaintiff's failing speaker business for maximal value. Defendants also contend they voted in keeping with their longstanding policy of investing in and supporting existing management.

Defendants contend that Plaintiff's Section 16 claim lacks merit because the majority of Defendants are improperly named in this action, as they are not Masimo shareholders, and those that are Masimo shareholders are not subject to Section 16(b). Defendants assert they did not form a Section 13 group with Kiani for the purpose of manipulating the outcome of the Shareholder Vote or to effectuate a change in control of the Masimo Board, and thus never exceeded 10% beneficial ownership of outstanding Masimo stock, as required for Section 16(b) to apply.

Plaintiff disagrees with these assertions.

On August 18, 2025, the Court denied Defendants' Motion to Dismiss. Dkt. 203. On August 6, 2025, the Court granted the Parties' joint stipulation to voluntarily dismiss Plaintiff's Section 13(d) claim against Defendants, leaving only the Section 16(b) claim against Defendants. Dkt. 199. On September 3, 2025, Defendants filed their Answer to the Amended Complaint, which asserted fourteen affirmative defenses. Dkt. 210.

## B. Legal Issues

### 1. Plaintiff's Position

The key legal issues in this case are (i) whether Defendants beneficially owned 10% or more of Plaintiff's securities, either individually or through the formation of

a Section 13(d) shareholder group with Mr. Kiani, such that their trading was subject to Section 16(b); and (ii) while a statutory insider subject to Section 16(b), what profits Defendants realized from trading Plaintiff's securities through matching purchases and sales within a six-month period.

2. Defendants' Position

Defendants identify the following key disputed issues:

1. That Plaintiff filed this action against Defendants for an improper purpose;

2. That the majority of Defendants were not beneficial owners of Masimo stock during the Relevant Period[3];

3. The amount, if any, of each Defendant's beneficial ownership of Masimo stock during the Relevant Period;

4. That Defendants' combined beneficial ownership of Masimo stock during the Relevant Period did not exceed 10% of Masimo's outstanding common stock;

5. That Defendants did not make any agreement with Kiani to acquire or cause any change in corporate control of Plaintiff;

6. That Defendants did not otherwise make an agreement with Kiani to act for the purpose of acquiring, holding, voting or disposing of Masimo securities;

7. That Defendants did not form a "group" with Kiani in connection with the Proxy Battle and Shareholder Vote within the definition of that term as provided in Section 13(d);

[3] Defendants have unilaterally defined the term "Relevant Period" to mean the period from January 1, 2024 to October 25, 2024. Plaintiff does not agree to this definition and is seeking discovery outside this time period.

8. That Plaintiff's allegations regarding the existence of a Section 13(d) "group" between Kiani and "RTW" were investigated and debunked by Plaintiff's own Board of Directors in summer 2024;

9. That any Defendants' trades of Masimo shares leading up to the Record Dates do not prove the existence of a Section 13(d) "group";

10. That any Defendants' accumulation of voting power while also maintaining short positions to hedge their risk does not prove the existence of a Section 13(d) "group";

11. That any Defendants' alleged communications with Kiani during the Relevant Period do not prove the existence of a Section 13(d) "group";

12. That the alleged Section 13(d) "group's" combined beneficial ownership of Masimo stock during the Relevant Period did not exceed 10% of Masimo's outstanding common stock;

13. That those Defendants who allegedly traded Masimo shares during the Relevant Period were not subject to Section 16(b)'s disgorgement of short-swing profits rule with regard to any trades in Masimo stock during the Relevant Period;

14. That the majority of Defendants did not trade Masimo stock during the Relevant Period;

15. That those Defendants who allegedly traded Masimo shares during the Relevant Period did not engage in matching purchases and sales of Masimo stock during the Relevant Period;

16. That those Defendants who allegedly traded Masimo shares during the Relevant Period did not profit from matching purchases and sales of Masimo stock during the Relevant Period;

17. That the majority of Defendants did not have a "pecuniary interest" in the profits of any other Defendants' alleged short-swing trades of Masimo stock during the Relevant Period.

**C. Damages**

1. Plaintiff's Position

Damages will be calculated based on the profits realized by Defendants through their purchases and sales of Plaintiff's securities within a rolling six-month window based on the methodology established in Section 16(b) cases. Defendants have not yet produced their trading records, which are necessary to conduct this analysis. Plaintiffs therefore cannot presently offer an estimated range of damages, other than to say the conduct alleged in the Amended Complaint involves Defendants' purchase and sale of tens of millions of shares in Plaintiff's securities.

2. Defendants' Position

Defendants deny that they are subject to disgorgement of any short-swing profits from trades of Masimo stock during the Relevant Period under Section 16(b) because Defendants never, individually or in combination, exceeded the 10% beneficial ownership threshold required to be brought within Section 16(b)'s ambit. Defendants further deny that Plaintiff is entitled to any attorneys' fees or other costs.

**D. Insurance**

1. Plaintiff's Position

Plaintiff does not have any insurance coverage to disclose.

2. Defendants' Position

Defendants are insured up to $11.5 million, with such amount continually eroding due to defense costs, and subject to a full reservation of rights by Defendants' insurers.

**E. Motions**

The Parties do not presently contemplate filing any motions to add parties or transfer venue. Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff reserves its rights to file an amended pleading as discovery progresses, including for the purpose of adding additional parties. To the extent there may be any additional known parties or claims, Defendants believe they should be added to the action now. If at a later juncture

Plaintiff seeks leave to amend the operative Complaint to add claims or parties, Defendants reserve the right to challenge the timeliness of any such request. Defendants anticipate that they may move to amend their Answer, including for the purpose of adding additional affirmative defenses, and reserve the right to do so.

**F. Discovery and Experts**

The Parties do not believe any changes are necessary in the form of requirement for disclosures under Rule 26(a) and intend to exchange disclosures in accordance with the time frame set forth in the Rule.

On October 14, 2025, Plaintiff served its First Set of Requests for Production on Defendants. On October 20, 2025, the Parties exchanged Initial Disclosures.

In accordance with Rule 26(f)(3)(C) and (D), the Parties have discussed a protective order and ESI protocol. The Parties anticipate requesting the Court enter a Stipulated Protective Order and ESI Protocol to govern the exchange and disclosure of confidential documents and information in this case.

The Parties agree that any inadvertent production of privileged materials will not constitute a waiver of any applicable privilege or protection. The Parties further agree to meet and confer in good faith concerning any issues that may arise with respect to the disclosure or discovery of ESI, and to use their best efforts to produce ESI in the format specified in the Parties' Protective Order and ESI Protocol. Defendants' position is they will not agree to produce documents unless and until a satisfactory protective order is issued in this case.

The Parties consent to electronic service and agree that such service of papers may be accomplished by electronic mail, with the same result as if such papers had been delivered in person. If the email serving papers is sent after midnight (Pacific Standard Time), those papers will be considered to have been received the following day.

1. Plaintiff's Position on the Scope of Discovery

Plaintiff anticipates conducting discovery on, among other things, the following topics: (i) Defendants' trading history in Plaintiff's securities; (ii) Defendants' internal fund structure, organization, governance, including, without limitation, their governing and operating agreements; (ii) certain Defendants' beneficial ownership interests in other Defendants' securities; (iii) Defendants' communications with Kiani; (iv) Defendants' communications with proxy advisors, shareholder advisory services, banks, brokers and dealers regarding the purchase, sale, shorting, borrowing and voting of Masimo securities; (v) Defendants' communications concerning Plaintiff's 2024 Annual Meeting.

2. Defendants' Position on the Scope of Discovery

Defendants anticipate conducting discovery on at least the topics and disputed legal issues identified in Sections A and B above. Defendants intend to propound written discovery in the form of interrogatories, requests for the production of documents, and requests for admission as authorized by the Federal Rules. Defendants anticipate taking depositions of Plaintiff representatives, members of Plaintiff's Board of Directors during the Relevant Period, and third-party depositions of, among others, individuals affiliated with Politan Capital Management, Schulte Roth & Zabel, LLP, Glass Lewis & Co., Institutional Shareholder Services Inc., Innisfree, and BlackRock, Inc.

The Parties mutually anticipate that the presumptive limit of ten depositions for each party, as set forth in Fed. R. Civ. P. 30(a)(2), likely will be insufficient to develop a full evidentiary record given the issues and the number of parties involved. Further, the Parties mutually agree it is premature at this time to determine whether they may need additional interrogatories. The Parties agrees to meet and confer at a later date to reach agreement on whether additional depositions or interrogatories may be needed and, if so, how many, and will submit a joint proposal for the Court's approval at a later time.

**G. Dispositive Motions**

1. Plaintiff's Position

Plaintiff anticipates filing a motion for summary judgment on its Section 16(b) claim and that it may file pretrial motions, including to exclude expert testimony and motions *in limine*. Plaintiff reserves all right to bring such motions.

2. Defendants' Position

Defendants anticipate that they will move for summary judgment, partial summary judgment, and/or judgment on the pleadings of Plaintiff's Section 16(b) claim under Rule 15(c). Defendants further anticipate that they may file pretrial motions relating to expert testimony and motions *in limine*, and reserve all rights to bring all such motions.

**H. Settlement and Settlement Mechanism**

To date, the Parties have not commenced settlement discussions for this matter but remain open to doing so, including by engaging in Alternative Dispute Resolution. Pursuant to Local Rule 16-15.4, to the extent the Parties engage in Alternative Dispute Resolution, the Parties will engage in a private dispute resolution proceeding (ADR Procedure No. 3). In accordance with Local Rule 16-15.2, the Parties have filed together with this Joint Rule 26(f) Report a Request: ADR Procedure Selection, attached hereto as Exhibit B.

**I. Trial Estimate**

Plaintiff has not requested a jury trial.

Without prejudice to further modification, Plaintiff estimates it will likely call between seven and ten witnesses, and Defendants anticipate calling eight to twelve witnesses. The Parties reserve their respective rights to amend these estimates based on information learned during discovery.

The Parties agree at this time it is premature to predict the length of any trial, but do not anticipate it will take longer than 8 days.

**J. <u>Timetable</u>**

In compliance with this Court's Order, a timetable is attached hereto as Exhibit A.

**K. <u>Miscellaneous - Other Issues</u>**

With the dismissal of Kiani from this action, Plaintiff intends to file a motion requesting that the Court enter an order amending the case caption.

The Parties otherwise do not have any discovery disputes and do not have any other issues to raise at this time.

**L. <u>Conflicts</u>**

Plaintiff has no parent company. A list of Plaintiff's subsidiaries and affiliates as of December 31, 2024, is attached hereto as Exhibit C.

A list of RTW's subsidiaries, parents and affiliates is attached hereto as Exhibit D.

**M. <u>Patent Cases</u>**

Not applicable.

**N. <u>Magistrates</u>**

The Parties do not consent to have a Magistrate preside over all proceedings.

Dated: October 21, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Michael E. Swartz*
JOSEPH SARLES
josephsarles@quinnemanuel.com
ROBERT M. GARSSON
robgarsson@quinnemanuel.com
SYDNEY L. MARTIN
sydneymartin@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

MICHELMAN & ROBINSON LLP

By: /s/ *Mona Z. Hanna*
Sanford L. Michelman
Mona Z. Hanna
Warren A. Koshofer
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Tel: (714) 557-7990

Molly F. Wolfe (*admitted pro hac vice*)

Telephone: (213) 443-3000

MICHAEL E. SWARTZ *(pro hac vice)*
michaelswartz@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Plaintiff Masimo Corporation*

605 Third Avenue, 30th Floor
New York, New York 10158
Tel: (212) 730-7700

*Attorneys for Defendants Roderick Wong, Naveen Yalamanchi, RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC*

**ECF ATTESTATION**

I, Michael E. Swartz, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By: */s/ Michael E. Swartz*
Michael E. Swartz